IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Gregory Gosnell, ) | C/A No. 8:15-cv-02263-TMC-JDA |
|   Petitioner, ) | |
|   v. ) | **REPORT AND RECOMMENDATION** |
| Joseph McFadden, Warden, ) | **OF MAGISTRATE JUDGE** |
|   Respondent. ) | |
| _____ ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 15.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on May 28, 2015.[1] [Doc. 1.] On August 10, 2015, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 15, 16.] The same day, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 17.] Petitioner's response in opposition was entered on the docket on October 26, 2015. [Doc. 30.]

---

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on May 28, 2015. [Doc. 1-2 (envelope stamped as received by prison mailroom on May 28, 2015).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at Tyger River Correctional Institution pursuant to orders of commitment of the Greenville County Clerk of Court.[2] [Doc. 1 at 1; Doc. 33 (notice of change of address to Tyger River Correctional Institution).]  In November 2011, Petitioner was indicted for murder and burglary first degree.  [App. 166–67[3]; Doc. 16-8.]  On September 10, 2012, represented by Brian Johnson ("Johnson") and Evelyn Mitchell ("Mitchell"), Petitioner pled guilty to voluntary manslaughter and received a sentence of seventeen and one-half years imprisonment.  [App. 1–100.]  No direct appeal was filed.

---

[2]At the time he filed the Petition, Petitioner was confined at Lieber Correctional Institution, where the warden is Respondent Joseph McFadden [Doc. 1 at 1], but on June 30, 2015 and November 12, 2015, Petitioner filed notices of changes of address updating his address, and he is currently confined at Tyger River Correctional Institution [Docs. 13, 33]. A prisoner's immediate custodian—the warden of the facility where the prisoner is being held—is the proper respondent in a habeas corpus action because the immediate custodian has the power to produce the prisoner's body before the habeas court. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).  If a prisoner properly files a habeas petition naming the prison warden as the respondent and is relocated to another prison before the court decides whether or not to grant the petition, the court "retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id.* at 441 (discussing *Ex parte Endo,* 323 U.S. 283 (1944)).  Thus, this Court retains jurisdiction over the Petition following Petitioner's transfer to Tyger River Correctional Institution.

[3]The Appendix can be found at Docket Entry Number 16-1.

**PCR Proceedings**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on January 4, 2013. [App. 101–09.] Petitioner alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

>   (a)   Ineffective Assistance of Trial/Plea Counsel
>
>   (b)   Applicant is a Mental Health Patient
>
>   (c)   See: Attached sheet

[App. 103.] In support of his ground, Petitioner alleged the following facts, quoted substantially verbatim:

>   (a)   Ineffective Assistance/Involuntary Plea
>
>   (b)   Applicant is a Mental Health Patient
>
>   (c)   See: Attached sheet

[*Id.*] In the attachment, Petitioner raised the following allegations, quoted substantially verbatim:

> Applicant set forth this cause of action pursuant to the Jurisdiction that are set forth in 17-27-20(1)(6) "Collateral attack upon and ground of alleged error heretofore available under this Uniform Post Conviction Act, that are being submitted or amended."
>
> Applicant asserts ineffective assistance of trial Counsel in this application. Due to the lack of records and the assistance of Counsel. Puruant to SCRCiv. P., Rule 71.1(d)(e) states that the burden of proof is on the Applicant to show his entitlement for relief by a preponderance of the evidence and also for the appointment of Counsel for the hearing, to insure that all available grounds for relief are included in the application and shall be amended if necessary. It would be chronologically impossible for the Applicant to carry such a burden without the aid of the whole Lower Court records and

> the appointment of Counsel to help establish his Constitutional Claims.
>
> The Applicant request that this Court order the state to turn over all the Lower Court records pertaining to this conviction and order that Counsel be appointed in the above mention application. Applicant further request that this Court grant leave to amend the present Application in this cause of action due to the lack of records and Applicant is without Counsel.
>
> Applicant seeks this Court approval of this application, so that Applicant right to a PCR won't be deem abandon due to the fact that Applicant has only one (1) year to file this Application from the date of a Final Judgment or from the remittitur to the Lower Court, which ever come First.

[App. 104.] The State filed a return dated May 7, 2013. [App. 110–15.]

A hearing was held on February 21, 2014, and Petitioner was represented at the hearing by Caroline Horlbeck. [App. 116–56.] On April 9, 2014, the PCR court filed an order denying and dismissing the PCR application with prejudice. [App. 157–65.] A notice of appeal was timely filed and served. [Doc. 16-2.]

Benjamin John Tripp ("Tripp") of the South Carolina Commission on Indigent Defense filed a *Johnson*[4] petition for writ of certiorari on Petitioner's behalf in the Supreme Court of South Carolina, dated December 17, 2014. [Doc. 16-3.] The petition asserted the following as the sole issue presented:

> Did the record support the PCR court's conclusion that Petitioner voluntarily pled guilty where both Petitioner and counsel testified that Petitioner's discovery materials were taken from him in jail and were never restored to him?

---

[4] A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief; a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State,* 364 S.E.2d 201 (S.C. 1988).

4

[*Id.* at 3.] At the same time he filed the *Johnson* petition, Tripp submitted a petition to be relieved as counsel. [*Id.* at 8.] The Clerk of Court for the Supreme Court of South Carolina notified Petitioner of his right to file a pro se response to the petition filed by Tripp [Doc. 16-4]; however, Petitioner did not file a pro se petition [*see* Doc. 16-5]. The court denied the petition and granted counsel's request to withdraw on April 8, 2015 [Doc. 16-5] and remitted the matter to the lower court on April 24, 2015 [Doc. 16-6].

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on May 28, 2015. [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

> **GROUND ONE:** Did the PCR court err in finding that trial counsel did not force Petitioner to plead guilty by failing to obtain seized discovery materials preventing him from evaluating the evidence for himself, in violation of his 6th and 14th Amendment rights to effective assistance of counsel?
>
> *Supporting facts*: Petitioner's discovery materials were seized by jail officials of the Greenville County Sheriff's Department during a shakedown of the cellblock Petitioner was housed in or his cell.
>
> Petitioner informed his trial counsel, Brian Johnson, that his discovery materials had been seized by detention center officers during a shakedown and was not returned to him. Petitioner requested Johnson obtain the discovery materials that had been seized for Petitioner to review them. Johnson never did.
>
> Trial counsel testified at PCR evidentiary hearing that Petitioner had informed him his discovery materials were taken at the jail, and he refused to secure the materials for Petitioner to review again.

5

>    **GROUND TWO:**   Trial counsel failed to file direct appeal in violation of Petitioner's 6th and 14th Amendment rights to effective assistance of counsel.
>
>    *Supporting facts*:   Petitioner advised Johnson to file a direct appeal, but Johnson did not file requested appeal.
>
>    The PCR court ruled that based on the guilty plea colloquy, it was highly unlikely a rational defendant would have wanted to appeal.

[Doc. 1 at 5–7.]  As stated, on August 10, 2015, Respondent filed a motion for summary judgment. [Doc. 15.] On October 26, 2015, Petitioner filed a response in opposition. [Doc. 30.]  Accordingly, the motion for summary judgment is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

   ***Generally***

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has

9

appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)   (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)   (I) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest

court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the Supreme Court of South Carolina. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[5] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

---

[5] In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

11

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the Supreme Court of South Carolina through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

### *Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts

have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing

*Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### *Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96.  A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel.  *Id.* at 487–89; *Reed*, 468 U.S. at 16.  Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995).  However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default.  *Carrier*, 477 U.S. at 492.  To show actual prejudice, the petitioner must demonstrate more than plain error.  *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

## **DISCUSSION**

In his response in opposition to the motion for summary judgment, Petitioner "agrees that there was no merit for a direct appeal because the Petitioner agreed to a guilty plea." [Doc. 30 at 5.]  Accordingly, Petitioner "will not waste the time of the court to look into this issue any further but asks the court to carefully review Ground One." [*Id.*]  Accordingly, the

Court considers Ground Two to be withdrawn by Petitioner and will address only Ground One.

In Ground One, Petitioner argues Johnson was ineffective for failing to provide Petitioner with a second copy of his discovery materials after his initial copy was taken from him and, thus, Petitioner was unable to evaluate the evidence for himself. [Doc. 1 at 5.] Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06. On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08; *see also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what

arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."). Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[6]  *Richter*, 131 S.Ct. at 785. "A state court must be granted a deference and

---

[6]In *Strickland v. Washington*, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. 668, 687 (1984). To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

In the specific context of a guilty plea, to satisfy the prejudice prong of *Strickland*,

latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas").  Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or

---

a prisoner must show that "there is a reasonable probability that, but for counsel's errors, [the prisoner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The Supreme Court further explained,

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial.  For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.  This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. . . . As we explained in *Strickland v. Washington*, *supra*, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker." *Id.*, 466 U.S., at 695, 104 S.Ct., at 2068.

*Hill*, 474 U.S. at 59–60.

theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court addressed Johnson's performance under the standards set forth in *Strickland* and *Hill v. Lockhart*, 474 U.S. 52 (1985). [App.158–65.] With respect to Ground One, the PCR court found,

> This court finds the Applicant failed to meet his burden of proving plea counsel did not properly handle matters related to discovery. The Applicant argued plea counsel failed to: (1) file proper Brady motions and (2) provide him a second copy of his discovery materials. Plea counsel testified he filed all appropriate discovery motions and received full discovery in this case. Plea counsel also testified he declined to give the Applicant a second copy of his discovery materials because he had previous cases where inmates had stolen discovery materials in hopes they could testify against fellow inmates and help their own case. This Court finds plea counsel is credible and articulated a valid reason for not prov[id]ing a second set of discovery materials.

[App. 162.]

The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* and *Hill* standards, which are the applicable Supreme Court precedents. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland* or *Hill*. Johnson

represented to the plea court and to the PCR court that Petitioner was given a full copy of the discovery initially but that it was stolen at the jail; Johnson did not give Petitioner a second copy of the discovery but visited Petitioner several times and made sure he was able to see everything and review everything in preparation for trial.[7]  [App. 6:3–24, 152:3–14.]  Petitioner testified at the guilty plea hearing that Johnson and Mitchell went over the evidence with Petitioner and that he was satisfied with their representation.  [App. 82:20–83:3, 85:21–86:8.]  Petitioner had the opportunity to exercise his right to a trial, which he declined after an extensive plea colloquy during which the plea judge warned Petitioner of the rights he was waiving by pleading guilty.  [App. 81–93.]  Petitioner has not established that the PCR court's decision was contrary to or an unreasonable application of applicable Supreme Court precedent, and Petitioner is not entitled to habeas corpus

---

[7]At the start of the proceedings on September 10, 2012, Petitioner was prepared to go to trial; however, after the trial court's decision regarding pretrial matters, including the admissibility of Petitioner's statement to police, Petitioner stated, "I'd like to stop this trial right now, Your Honor, and plea guilty."  [App. 77:21–22.]  At Johnson's request, the court took a brief recess to allow Petitioner to confer with counsel.  [App. 78:11–80:24.]  Following the recess, Johnson informed the court that Petitioner wished to plead guilty, and the court moved forward with the plea colloquy.  [App. 80:25–81:25.]

relief on this ground.[8] Accordingly, Respondent's motion for summary judgment should be granted.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

January 4, 2016<br>
Greenville, South Carolina

---

[8]Because it was not an unreasonable application of *Strickland* and *Hill* for the PCR court to find that Petitioner failed to prove counsel's performance in declining to provide Petitioner with a second copy of discovery and simply reviewing the discovery with Petitioner constituted unreasonably effective assistance under prevailing professional norms, the Court need not reach the issue of whether Petitioner had a constitutional right to a second copy of discovery. However, the Court notes that the United States Supreme Court has not held that a defendant's right to assist in his or her defense translates into a constitutional right to *personal* copies of discovery, where discovery was provided to his attorney and the attorney reviewed discovery with the defendant. Indeed, some state courts have explicitly held that there is no such constitutional right. *State v. Marks*, 298 P.3d 1102, 1116 (Kan. 2013); *People v. James*, 839 N.E.2d 1135, 1141 (Ill. 2005).